IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PAUL THROCKMORTON,**

      **Applicant,**

v.                                                **NO. CIV. 03-1292 BB/LAM**
                                                **NO. CR.  82-159 HB**

**PATRICK SNEDEKER, and**
**ATTORNEY GENERAL OF THE STATE**
**OF NEW MEXICO, and UNITED STATES**
**PAROLE COMMISSION,**

      **Respondents.**

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

1.      On November 10, 2003, Paul Throckmorton (hereinafter, "Throckmorton") filed his *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (*Doc. 1*) , naming only state authorities Patrick Snedeker and the Attorney General of the State of New Mexico as Respondents (hereinafter, "State Respondents").  Throckmorton's Application challenges the administration of his parole for a 1983 federal criminal conviction by the United States Parole Commission (hereinafter, "USPC").[2]  In his Application, Throckmorton argues that USPC's

---

[1] Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.

[2] Throckmorton's Application does not appear to challenge any specific parole determination by USPC.  Rather, his Application appears to challenge the fact that he has been required to serve

(continued...)

administration of his parole constitutes cruel and unusual punishment.  (*Doc. 1 at 3, 6.*)  In this regard, he argues that the administration of his parole amounts to parole for life and is contrary to the federal sentencing judge's intention that he only serve one-third of his twenty-five year federal sentence, plus five years of probation.  (*Doc. 1 at 6; Statement of Facts attached to Doc. 1 at 1.*)  Throckmorton appears to be asking this Court to reduce the length of his federal sentence imposed in 1983.  (*Statement of Facts attached to Doc. 1 at 1.*)

2. On November 18, 2003, the Court *sua sponte* entered an Order (*Doc. 4*) construing Throckmorton's § 2254 Application as one being brought under 28 U.S.C. § 2241, adding USPC as a Respondent, and ordering USPC to be served with and file an answer to Throckmorton's Application.  On December 4, 2003, USPC filed its Response (*Doc. 9*) to the Application arguing the Application should be denied because Throckmorton cannot seek to have his 1983 federal sentence reduced based on his disagreement with the actions taken by USPC, and because USPC has acted lawfully in its supervision of Throckmorton's case.  (*Id.*)  More specifically, USPC argues that: (1) it has not subjected Throckmorton to cruel and unusual punishment; (2) Throckmorton will not be subject to parole supervision for life by USPC; (3) this Court may not reduce Throckmorton's 1983 federal sentence based on the expectations of the sentencing court; (4) USPC can order the forfeiture of "street time" (*i.e.*, time spent in the community while on parole) against Throckmorton's 1983 federal sentence when he absconds from parole supervision or incurs new criminal convictions while on parole; and (5) USPC has the authority to determine whether or not Throckmorton's sentences

---

[2](...continued)
more than one-third of his 1983 federal sentence by virtue of the cumulative administration of his parole by USPC.

for crimes committed while on federal parole will be served consecutively or concurrently with his parole violator term.

3. On December 19, 2003, the State Respondents filed an Answer (*Doc. 14*), a Motion to Dismiss (*Doc. 12*) and a Memorandum in Support of Respondents' Motion to Dismiss (*Doc. 13*), arguing that Throckmorton's claims appear to seek relief from USPC, but to the extent he seeks relief from State Respondents, his claims are time-barred under 28 U.S.C. § 2244(d)(1), he has failed to exhaust his claims in state court, and he has failed to state a meritorious constitutional claim cognizable under 28 U.S.C. § 2254. Throckmorton did not file a response to the Motion to Dismiss.

## Underlying Chronology

4. The following chronology of Throckmorton's federal and state convictions and federal parole history is provided, for the most part, by USPC in its Response and does not appear to be in dispute. The Court finds that the issues raised in Throckmorton's Application can be resolved on the basis of the *Record* without an evidentiary hearing.

5. In 1983, Throckmorton was convicted of the offenses of Interstate Transportation of a Stolen Motor Vehicle in violation of 18 U.S.C. § 2312 (Count I), and Interstate Transportation of Stolen Property (Travelers Checks) in violation of 18 U.S.C. § 2314 (Counts II, III and IV) in the United States District Court for the District of New Mexico in Case No. CR-82-159 HB. (*USPC's Response, Exhibit A.*) On May 6, 1983, United States District Judge Howard Bratton sentenced Throckmorton to a term of five years as to Count I, and ten years as to each of Counts II and III, with the sentences for Counts I, II and III to run consecutively, one after the other. (*Id.*) As to Count IV, the imposition of sentence was suspended and Throckmorton was placed on probation for a period of five years with the probation to commence at the expiration of the sentence of

imprisonment imposed for Counts I, II and III. (*Id.*) Thus, the total sentence imposed was for twenty-five years, plus five years of probation.

6.  While initially serving his sentence, Throckmorton's parole date was extended for institutional infractions. (*USPC's Response, Exhibit B at 1-2.*) On July 9, 1991, Throckmorton was paroled by USPC. (*USPC's Response, Exhibit C at 1.*) Under the terms of his parole, Throckmorton was to remain under parole supervision until October 25, 2007. (*Id.*)

7.  In February of 1992, Throckmorton was arrested and charged with Assault Against an Officer and Simple Assault in violation of 18 U.S.C. § 7. (*USPC's Response, Exhibit D at 2.*) On February 4, 1992, USPC issued a parole violation warrant for Throckmorton pursuant to 18 U.S.C. § 4213[3] for violation of the conditions of his release. (*USPC's Response, Exhibit E-1.*) Throckmorton was subsequently convicted of the offense of Assaulting, Resisting or Impeding a Department of Veteran Affairs Law Enforcement Officer in violation of 18 U.S.C. § 111(a)(1) in the United States District Court for the District of New Mexico in Case No. CR-92-082JB-01 and was sentenced to a term of imprisonment of thirty-six months, with the sentence to run concurrently with the term of his sentence in Case No. CR-82-159 HB. (*USPC's Response, Exhibit F.*) Throckmorton was also ordered to serve one year of supervised release. (*Id. at 1.*) On November 15, 1993, USPC conducted a parole revocation hearing and on December 6, 1993 ordered that Throckmorton's parole be revoked, that none of the time he spent on parole be credited to him[4], and that the unexpired

---

[3]The parole statutes at 18 U.S.C. § 4201 to 4218 have been repealed but remain in effect with respect to prisoners like Throckmorton who were sentenced under the old law. *See* Pub. L. 107-273, Div. C, Title I, § 11017, Nov. 2, 2002, 116 Stat. 1758.

[4]Pursuant to 18 U.S.C. § 4210 and 28 C.F.R. § 2.52(c), allowing USPC to deny credit for time spent on parole.

portion of his 1983 federal sentence commence upon his release from his new federal sentence[5]. (*USPC's Response, Exhibits G and H.*) His new presumptive parole date was April 2, 1995. (*USPC's Response, Exhibit H.*)

8. On October 20, 1994, Throckmorton's presumptive parole date of April 2, 1995 was rescinded after he was found guilty of institutional infractions pursuant to 28 C.F.R. § 2.28(b), and his presumptive parole date was changed to June 30, 1995. (*USPC's Response, Exhibit I.*)

9. In April of 1995, Throckmorton escaped from custody and on May 30, 1995, USPC reopened and retarded his presumptive parole date of June 30, 1995. (*USPC's Response, Exhibit J.*) On September 10, 1996, after his return to custody, Throckmorton's presumptive parole date was rescinded by USPC and he was ordered to serve an additional eighteen months with a new parole date of January 2, 1997. (*USPC's Response, Exhibit K.*)

10. On January 2, 1997, Throckmorton was re-paroled by USPC. (*USPC's Response, Exhibit L.*) Under the terms of his parole, he was to remain under parole supervision until January 26, 2011. (*Id.*)

11. On July 21, 1998, USPC issued a parole violation warrant for Throckmorton after his federal probation officer advised USPC that Throckmorton had violated the conditions of his parole and his whereabouts were unknown. (*USPC's Response, Exhibits M, N-1, N-2.*) After Throckmorton was returned to custody, he was given a parole revocation hearing on October 26, 1998. (*USPC's Response, Exhibit O.*) Throckmorton was represented by counsel at the hearing and admitted to all the charges. After the hearing, USPC revoked Throckmorton's parole

---

[5]Pursuant to 42 U.S.C. § 4210(b)(2), allowing USPC to require that the unexpired term being served at the time of parole run concurrently or consecutively with a sentence imposed for a new offense committed subsequent to release on parole.

on November 23, 1998, and ordered that he be given no credit on his sentence for the period of time from July 4, 1998 to July 30, 1998 when his whereabouts were unknown, and that he be required to serve another thirteen months with a new presumptive parole date of August 31, 1999. (*USPC's Response, Exhibit P.*)

      12.    On August 31, 1999, Throckmorton was re-paroled by USPC. (*USPC's Response, Exhibit Q.*) Under the terms of his parole, he was to remain under parole supervision until February 22, 2011. (*Id.*)

      13.    On January 19, 2000, USPC issued a parole violation warrant for Throckmorton after his federal probation officer advised USPC that Throckmorton had violated the conditions of his parole. (*USPC's Response, Exhibits R and S-1.*) Throckmorton was returned to custody and received a parole revocation hearing on June 28, 2000. (*USPC's Response, Exhibit T.*) Throckmorton was represented by counsel at the hearing and admitted to two of the charges. (*Id.*) After the hearing, USPC revoked Throckmorton's parole on August 9, 2000, and ordered that he be given no credit on his sentence for the period of time from January 4, 2000 to January 30, 2000, and that he be required to serve seven months. (*USPC's Response, Exhibit U.*)

      14.    Throckmorton was re-paroled by USPC on August 14, 2000. (*USPC's Response, Exhibit V.*) Under the terms of his parole, he was to remain under parole supervision until March 21, 2011. (*Id.*)

      15.    On September 21, 2001, Throckmorton's federal probation officer informed USPC that on or about September 19, 2001, Throckmorton had been arrested by county sheriff's deputies in Bernalillo County, New Mexico, for Aggravated Battery, Aggravated Assault and Assault with a Deadly Weapon, and that he was currently incarcerated in the Bernalillo County Detention Center

pending arraignment. (*USPC's Response, Exhibit W at 2.*) On September 21, 2001, USPC issued a parole violation warrant for Throckmorton for violation of one or more of the conditions of his release. (*USPC's Response, Exhibit X-1.*)

16. On April 2, 2002, Throckmorton was convicted, pursuant to a no contest plea, of the offenses of Aggravated Battery (Great Bodily Harm) (Count I) and Aggravated Assault (Deadly Weapon) (Count II) in the State of New Mexico Second Judicial District Court in Case No. CR 2001-002738. (*USPC's Response, Exhibit Y.*) On May 29, 2002, Throckmorton was sentenced for these offenses to three years for Count I and one and one-half years for Count II, enhanced by eight years pursuant to the state habitual offender statute. (*Id. at 2.*) All the years were to run consecutively with each other for a total of twelve and one-half years, of which three years were suspended for an actual sentence of imprisonment of nine and one-half years. (*Id.*) The state court judge ordered that this time be served concurrently with any federal time remaining in federal cases CR-82-159 HB, CR-92-082 JB, and in Case No. 1:95 CR 00-297-01[6]. (*Id.*)

17. On July 18, 2002, USPC supplemented its September 21, 2001 parole violation warrant with Throckmorton's state conviction of Aggravated Battery and Aggravated Assault. (*USPC's Response, Exhibit Z.*) This warrant was placed against Throckmorton as a detainer on August 2, 2002. (*Doc.1, Third Exhibit.*) According to its Response (*Doc. 9*), USPC will be conducting a dispositional review of this detainer pursuant to 28 C.F.R. § 2.47. (*Id. at 4.*) Throckmorton is currently incarcerated in the Lea County Correctional Facility in Hobbs, New Mexico. (*Doc. 1 at 1.*)

---

[6]The *Record* does not identify the nature of Case No. 1:95 CR 00-297-01.

**Analysis**

18.     Although Throckmorton identified his federal *habeas* application as an application pursuant to 28 U.S.C. § 2254, it was correctly construed by the Court as one being brought under 28 U.S.C. § 2241.  Challenges to the execution of a sentence rather than the basis for the sentence should be brought under § 2241.  *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *see also McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997).

**Cruel and Unusual Punishment and Parole for Life**

19.     Throckmorton claims that USPC's administration of his parole violates his Eighth Amendment constitutional right to be free from cruel and unusual punishment and amounts to parole for life under his federal sentence imposed by Judge Bratton in Case No. CR-82-159 HB.  According to Throckmorton, Judge Bratton intended that he only serve one-third of his twenty-five year sentence, plus five years probation, and this period has expired.  The Court rejects this claim.

20.     The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  *United States Constitution, Amendment VIII*.  The Eighth Amendment "proscribes any punishment which violates contemporary standards of humanity and decency, and 'which is repugnant to the conscience of mankind.'"  *Brodock v. Kansas Parole Board*, 804 F. Supp. 185, 188 (D. Kan. 1992), *aff'd in part and rev'd in part*, 1 F.3d 1249 (Table), 1993 WL279770 (10th Cir. 1993) (quoting *Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 471 (1947)).

21.     In this case, Throckmorton was paroled by USPC in 1991, 1997 and 1999.  Each time, his parole was revoked for violating the conditions of his parole and he was returned to incarceration to continue serving his sentence imposed by Judge Bratton.  Each time, his return to custody was

attended by a parole revocation hearing which afforded him due process protections and at two of these hearings he was represented by counsel. In 2000, USPC paroled Throckmorton a fourth time and he is subject to an ongoing parole revocation proceeding related to his state court convictions and USPC's pending detainer.

22.     A prisoner's return to incarceration after his parole is revoked for failure to comply with parole conditions, without more, does not constitute cruel and unusual punishment in violation of the Eighth Amendment. *See Brodock*, 804 F. Supp. at 188. *See also United States of America ex. rel. Raymond Lawson v. Cavell*, 425 F.2d 1350, 1352 (3rd Cir. 1970) (state parole board did not subject prisoner to cruel and unusual punishment when he was prosecuted on murder charge and convicted, and all parole board did was revoke his parole because of his subsequent crimes and require him to serve the remainder of his maximum sentence for murder). Thus, the Court finds no merit in Throckmorton's claim that USPC's multiple revocations of his parole for his failure to comply with parole conditions constitutes cruel and unusual punishment.

23.     Throckmorton also claims that the administration of his parole by USPC amounts to parole for life. This claim also lacks merit. While USPC cannot require Throckmorton to serve more time for his 1983 federal conviction than the sentence of twenty-five years plus five years of probation imposed by Judge Bratton[7], there is no evidence in the *Record* that it has done so. However, USPC can, and has in connection with each of Throckmorton's three previous parole revocations, deny Throckmorton credit against his sentence for "street time", *i.e.*, time spent in the community while on parole, for violating the conditions of his parole. *See* 18 U.S.C. § 4210(b)(2) and (c); 28 C.F.R. § 2.52(c)(1) and (2). Additionally, in connection with his 1993 parole revocation, USPC

---

[7]*See* 18 U.S.C. § 4210(b).

9

could, and did, require that Throckmorton serve the unexpired portion of his original 1983 federal sentence <u>after</u> his release from his new 1992 federal sentence pursuant to 42 U.S.C. § 4210(b)(2). These denials of street time credit and denial of concurrency are permitted by the federal parole statutes and do not amount to parole for life.

### Intentions of the Sentencing Court

24.    Throckmorton argues that Judge Bratton intended that he only serve one-third of his twenty-five year sentence, plus five years of probation, and this period has expired. According to Throckmorton, Judge Bratton told him he would only serve one-third of the twenty-five years and thereafter would serve five years of probation. Because he began serving his sentence in 1983, Throckmorton contends that his sentence should have ended after nine years (approximately one-third of 25 years) in 1992, followed by five years of probation.[8]

25.    The Court has reviewed the official transcript of Throckmorton's sentencing by Judge Bratton on May 6, 1983, in Case No. CR-82-159 HB. (*Record of Appeal*, United States Court of Appeals, Tenth Circuit, Case No. 83-1602, Volume XII.) The transcript of the sentencing contains the following language regarding the sentence imposed by Judge Bratton and there is no mention in the transcript of Throckmorton serving only one-third of his sentence, followed by five years of probation:

> THE COURT: Is there anything anybody cares to add? If not, it's the judgment of the Court as to Count I that you're remanded to the

---

[8]While a provision of the federal parole statutes provides that a prisoner serving a definite term or terms of more than one year may be eligible for release on parole after serving one-third of his term or terms, parole is not mandatory under this provision. *See* 18 U.S.C. § 4205(a). Moreover, as noted in the chronology above, Throckmorton's parole history shows he was first paroled in 1991, consistent with this provision of the parole statutes.

>   custody of the Attorney General for a period of five years. As to each of Counts II and III, you're remanded to the custody of the Attorney General for a period of 10 years.
>
>   The sentences imposed on Counts I, II and III to run consecutively, one after another.
>
>   As to Count IV, imposition of sentence is suspended and you're placed on probation for a period of five years, that probation to commence at the end of the sentence, service of the sentences imposed on Counts I, II and III.

(*Id. at 6-7.*) Nor is there any mention of Throckmorton serving one-third of his sentence in the Judgment and Probation/Commitment Order entered by Judge Bratton in Throckmorton's 1983 case. (*Record of Appeal*, United States Court of Appeals, Tenth Circuit, Case No. 83-1602, Volume I at 152.) Thus, there is no factual basis in the *Record* for Throckmorton's claim that Judge Bratton told him at sentencing that he would serve only one-third of his twenty-five year sentence, followed by five years of probation.

26.     Moreover, even if Judge Bratton had told Throckmorton that he would only serve one-third of his sentence, this Court could not reduce Throckmorton's 1983 sentence in this proceeding based on the expectations of the sentencing court. In *United States v. Addonizio*, 442 U.S. 178, 189 (1979), in a *habeas corpus* proceeding brought under 28 U.S.C. § 2255, the Supreme Court held that under USPC's statutory scheme, once sentencing occurs, a sentencing court has no enforceable expectations with respect to the actual release date of a sentenced defendant short of the defendant's statutory term. In discussing its holding, the Supreme Court stated that:

>   [t]he import of this statutory scheme is clear: the judge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory scheme. The judge may well have expectations as to when release is likely. But the actual decision is not his to make, either at the time of sentencing or later if

11

> his expectations are not met. To require the Parole Commission to act in accordance with judicial expectations, and to use collateral attack as a mechanism for ensuring that these expectations are carried out, would substantially undermine the congressional decision to entrust release determinations to the Commission and not the courts. Nothing in § 2255 supports - let alone mandates - such a frustration of congressional intent.

*United States v. Addonizio*, 442 U.S. at 190. Accordingly, there is no factual or legal basis for reducing Throckmorton's sentence in this proceeding based on his allegations regarding Judge Bratton's expectations of his release date.

### **State Respondents**

27.     Throckmorton filed his Application for Writ of Habeas Corpus (*Doc. 1*) on a pre-printed form for persons in state custody seeking to apply for a writ of *habeas corpus* under 28 U.S.C. § 2254. The Application names Patrick Snedeker and the Attorney General of the State of New Mexico as respondents. (*Id.*) Snedeker is the warden of the Lea County Correctional Facility in Hobbs, New Mexico, where Throckmorton is presently incarcerated. (*Doc. 1 at 1*; *Doc. 14 at 1*.)

28.     In their Motion to Dismiss (*Doc.* 12), State Respondents argue, *inter alia*, that Throckmorton's Application should be dismissed because it fails to state a cognizable claim against them. State Respondents argue that Throckmorton seeks relief uniquely available from USPC, *i.e.*, a reduction of his 1983 federal sentence, which is not available from State Respondents. The Court agrees that Throckmorton's Application fails to state a claim against State Respondents. In his Application, Throckmorton attacks USPC's administration of his parole for his 1983 federal sentence. State Respondents have no authority over Throckmorton's federal parole and have no power to grant him the reduction of his federal sentence which he seeks as relief. Throckmorton's Application does not attack his state conviction. Indeed, the only references in Throckmorton's Application to his state

conviction and State Respondents are his naming of State Respondents as parties in the caption of the Application and his acknowledgment that he is presently serving a sentence for his state conviction which is not under attack in this proceeding. (*Doc. 1 at 1-2.*) Based on the foregoing, the Court concludes that Throckmorton's Application fails to state a claim against State Respondents with regard to the administration of his federal parole and, therefore, his claims as to State Respondents in this proceeding should be dismissed with prejudice. The Court reaches this conclusion bearing in mind that *pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520-521 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

29. Given the Court's recommended disposition of Throckmorton's claims against the State Respondents for failure to state a claim, it is unnecessary for the Court to address the merits of State Respondents' alternative arguments that to the extent Throckmorton's Application states a claim against them under 28 U.S.C. § 2254, such claims are barred by the time limits in 28 U.S.C. § 2244(d)(1) and by his failure to exhaust state remedies with respect to his state conviction.

## **RECOMMENDED DISPOSITION**

The undersigned hereby recommends that State Respondents' Motion to Dismiss (*Doc. 12*) be **GRANTED**, that Throckmorton's Application for a Writ of Habeas Corpus (*Doc.* 1) be **DENIED**, and that this action be **DISMISSED WITH PREJUDICE** as to all Respondents.

*Lourdes A. Martínez*
**Lourdes A. Martínez**
**United States Magistrate Judge**